# UNITED STATES COURT OF APPEALS

**UNPUBLISHED**

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.

No. 00-4781

VERNON LEE McCULLOUGH,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Joseph F. Anderson, Jr., Chief District Judge.
(CR-00-287)

Submitted: July 26, 2001

Decided: August 2, 2001

Before WILKINS, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Allen B. Burnside, Assistant Federal Public Defender, Columbia, South Carolina, for Appellant. Dean Arthur Eichelberger, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Vernon Lee McCullough appeals from his forty-nine-month sentence imposed following his guilty plea to the offense of conspiracy to commit bank fraud in violation of 18 U.S.C.A. §§ 371, 1344 (West 2000). McCullough's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but addressing the possibility that the plea or sentence was improper. McCullough was informed of his right to file a pro se brief, but has not done so. Because our review of the record discloses no reversible error, we affirm McCullough's conviction and sentence.

We find that McCullough's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Fed. R. Crim. P. 11. McCullough was properly advised as to his rights, the offense charged, and the maximum sentence for the offense. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. *See North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *United States v. DeFusco*, 949 F.2d 114, 119-20 (4th Cir. 1991).

We find that the district court properly computed McCullough's offense level and criminal history category and correctly determined the applicable guideline range of forty-six to fifty-seven months. The court's imposition of a sentence within the properly calculated range is not reviewable. *United States v. Jones*, 18 F.3d 1145, 1151 (4th Cir. 1994). The court's imposition of restitution and the amount of restitution were also proper.

The plea agreement required the government to make a motion for a downward departure if McCullough's cooperation amounted to substantial assistance. However, at the time of sentencing, his cooperation had not resulted in any prosecutions and McCullough did not show that he had provided substantial assistance. Nonetheless, the district court considered McCullough's cooperation in imposing sentence in the middle of the range—as opposed to the top of the range, as the court was originally inclined to do.

As required by *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm McCullough's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*